# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

—————————

No. 96-3211EM

—————————

United States of America,      *
                                 *

        Appellee,          *

                                 * On Appeal from the United

   v.                      * States District Court

                                 * for the Eastern District

                               * of Missouri.

Opera Moore,               *

                                 *

        Appellant.        *

—————————

Submitted: February 10, 1997

Filed: March 13, 1997

—————————

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and
BATTEY,[*] Chief District Judge.

—————————

RICHARD S. ARNOLD, Chief Judge.

Opera Moore appeals his convictions of: (1) being a felon in
possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and
924(e); and (2) being in possession of an unregistered firearm, in
violation of 26 U.S.C. §§ 5861(d) and 5871. He was convicted by a

———————————

[*]The Hon. Richard H. Battey, Chief Judge, United States
District Court for the District of South Dakota, sitting by
designation.

jury and sentenced by the District Court[1] to 300 months' imprisonment on count I and 120 months' imprisonment on count II,

---

[1]The Hon. George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

to be served concurrently.  The Court also sentenced Moore to three years of supervised release on count I and two years of supervised release on count II, with the sentences to be served concurrently. We affirm.

I.

During an undercover narcotics purchase being conducted by members of the St. Louis Police Department's Street Corner Apprehension Team (SCAT), a man, later identified as Opera Moore, was seen standing on the porch of the house where alleged drug trafficking was occurring.  The police converged on the residence in order to arrest the persons suspected of participating in the drug trafficking activity.  Detective Mueller was one of the first officers to arrive at the scene.  Upon arriving at the scene, Mueller encountered Moore standing on the front porch.  For his safety, and the safety of the other officers, Mueller conducted a pat-down search of Moore and recovered a 12-gauge sawed-off shotgun from Moore's rear waistband.  Detective Siscel was also present on the porch and witnessed Mueller remove the gun from Moore's pants. Moore was then placed under arrest for being a felon in possession of a concealable weapon.

During the trial, Moore testified on his own behalf and denied being in possession of a firearm on the day of the drug bust.  He stated that the police had found the gun and incorrectly attributed it to him.  Moore's testimony at trial completely contradicted the testimony of three of the police officer witnesses who testified on behalf of the government.

Moore appeals his convictions on three grounds.  First, he contends that the District Court erred in sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e).  Second, he

-3-

contends that the Court did not make the requisite findings to support the application of an obstruction of justice enhancement

under U.S.S.G. § 3C1.1, and claims that the enhancement was clearly erroneous.[2]  Finally, he argues that there was insufficient evidence for the jury to convict him.

## II.

18 U.S.C. § 924(e)(1) states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . ..

The statute defines "violent felony" as

> "any crime punishable by imprisonment for a term exceeding one year . . . that--
>
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>  (ii) burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B)(i), (ii).

---

[2]The Court will not address this question because it is moot.  Because the Court finds that the District Court did not err in sentencing Mr. Moore as an armed career criminal, a reversal of the sentencing enhancement for obstruction of justice would not affect Moore's base offense level of 34 and, therefore, would not affect his sentence.

At the time of trial, Moore had 17 prior convictions.  At least six of these prior convictions qualify as violent felonies under § 924(e).  Moore has: (1) a 1966 Tennessee conviction for

burglary; (2) two 1975 Tennessee convictions for attempted burglary; (3) a 1977 federal conviction for breaking and entering a United States Post Office; (4) a 1978 Illinois burglary conviction; and (5) a 1980 federal conviction for breaking and entering a United States Post Office.

Each of Moore's burglary and breaking and entering convictions constitute "generic" burglary for purposes of a § 924(e) enhancement because the crimes have the "basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Moore's two 1975 state-court convictions for attempted burglary also qualify as violent felonies. If an attempted burglary conviction is based on a statute which requires a substantial step towards the completion of the crime, then it qualifies as a predicate violent felony under the "otherwise clause" of § 924(e). United States v. Solomon, 998 F.2d 587, 589-90 (8th Cir.), cert. denied, 510 U.S. 1026 (1993). One of the elements of the Tennessee attempted-burglary statute under which Moore was convicted required that a defendant commit an overt act towards the commission of the crime. See United States v. Bureau, 52 F.3d 584, 592 (6th Cir. 1995); Tenn. Code Ann. §§ 39-904, 39-603 (Cum. Supp. 1974)). "[A] conviction under Tennessee's attempted burglary statute in 1975 involved conduct presenting a serious potential risk of physical injury to another." Bureau, 52 F.3d at 592. Therefore Moore's 1975 convictions qualify as violent offenses for purposes of 18 U.S.C. § 924(e).

Consequently, Mr. Moore has at least three prior violent felony convictions -- two convictions for breaking and entering a

U.S. Post Office and a 1975 Tennessee conviction for attempted burglary.[3]  Moore argues that none of his state burglary or

---

[3]Since § 924(e) requires only three predicate felony offenses, the Court need not discuss the arguments regarding the other previous felonies.

attempted-burglary convictions counts for purposes of § 924(e), because his civil rights have been restored for those convictions. Section 921(a)(20) provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter." 18 U.S.C. § 921(a)(20).

Moore argues that at the time of his two 1975 Tennessee convictions for attempted burglary, Tennessee did not have a law limiting a convicted felon's right to possess a firearm. Therefore, Moore argues that at the time of these convictions a felon, upon completion of a sentence, had the same right as an individual not convicted of a felony to possess a firearm. Moore relies on United States v. Davis, 936 F.2d 352 (8th Cir. 1991), cert. denied, 503 U.S. 908 (1992), for this proposition. In the instant case, unlike in Davis, the state of Tennessee never took Moore's right to possess firearms away in the first place. What was never taken away cannot be "restored."[4] The District Court properly sentenced Moore as an armed career criminal pursuant to § 924(e).

---

[4]Moreover, Moore does not show that Tennessee has restored any of his other civil rights, such as the right to vote or seek public office. Tennessee law requires felons in Moore's position to petition to have their civil rights restored. Tenn. Code Ann. §§ 40-29-101 to -104. There is no evidence in the record suggesting that Moore has availed himself of this procedure. As the government argues, the mere absence of a statute prohibiting firearm possession by ex-felons does not constitute a restoration of civil rights for purposes of 921(a)(20). Moore's case is unlike Davis, which involved a Minnesota statute that automatically restored the civil rights of convicted felons upon discharge of their convictions. Davis, 936 F.2d at 356.

III.

Finally, Moore argues that because of the contradictory testimony of government witnesses the evidence was insufficient to establish his guilt beyond a reasonable doubt. Moore's sole basis for challenging the sufficiency of the evidence is his assertion that the testimony of the government's witnesses was not credible. On appeal, "we do not pass upon the credibility of witnesses or the weight to be given their testimony." United States v. Marshall, 92 F.3d 758, 760 (8th Cir. 1996)(citation and internal quotation marks omitted). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that supports the jury's verdict. The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. United States v. White, 81 F.3d 80, 82 (8th Cir. 1996).

The District Court did not err in denying Moore's motion for judgment of acquittal. A reasonable jury could find, as this jury did, that the defendant was guilty on both counts. We therefore

Affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-