IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40836
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUBEN SERNA, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, McAllen

_____

October 11, 2002

Before JOLLY, SMITH, and DEMOSS[1], Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal presents the question whether the crime of
possession of a "prohibited weapon", specifically a sawed-off
shotgun, under Texas law constitutes a crime of violence under the
federal sentencing guidelines. Ruben Serna pleaded guilty to
possessing a firearm as a convicted felon in violation of 18 U.S.C.
§ 922(g)(1). At sentencing, the district court found that Serna's
previous state court felony conviction for possession of a
prohibited weapon was a crime of violence and enhanced his sentence

_____

[1]Judge DeMoss concurs in the judgment only.

on that basis.  See U.S.S.G. § 4B1.2.  The indictment underlying this previous state court conviction identified the prohibited weapon as a "shotgun with a barrel length of less than 18 inches."[2] This type of weapon is commonly known as a sawed-off shotgun.  See, United States v. Reyna, 130 F.3d 104 (5th Cir. 1997); United States v. Ridlehuber, 11 F.3d 516 (5th Cir. 1997).  It is reasonable to conclude that a sawed-off shotgun, when possessed unlawfully, is possessed for violent purposes only.[3]  Thus, the unlawful possession of a sawed-off shotgun creates a serious potential risk of physical injury and therefore constitutes a crime of violence under the guidelines.  Accordingly, we affirm Serna's sentence.[4]

---

[2]The record on appeal in this case did not contain a copy of the state court indictment for possession of a prohibited weapon. The panel required the parties to secure and furnish to the court a copy of that relevant indictment. We urge the prosecution in the future to include in the record before the trial court and this court, a copy of the indictment containing each count upon which a claim for punishment enhancement is based.

[3]This is different from holding that all instances of possession of sawed-off shotguns are for violent purposes only; instead, we refer only to those instances of possession made a crime under Texas law. For example, the Texas statute does not make criminal the possession of these weapons by collectors, members of the military or persons whose weapons are registered under the National Firearms Act. TEX. PENAL CODE § 46.05(b)-(d). These instances of possession are not even crimes, much less crimes of violence.

[4]Serna also appeals his conviction notwithstanding his unconditional plea of guilty. He argues that in enacting § 922(g)(1), Congress exceeded the scope of its power under the Commerce Clause, U.S. CONST., Art. I, § 8, cl. 3. Serna concedes that this argument is foreclosed by our precedent. See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Gresham, 118 F.3d 258, 264 (5th Cir. 1997) ("The constitutionality

Two months after Ruben Serna's release from prison, the police executed a search of his home in Texas. During the search, the police discovered a loaded Star, model Firestar, .40 caliber chrome plated pistol. Serna admitted ownership of the pistol. He was indicted and pleaded guilty, as earlier noted, for possessing this pistol as a felon.

During his plea colloquy, Serna admitted that he had two previous state felony convictions: (1) aggravated assault and (2) possession of a prohibited weapon. At sentencing, the district court classified these two convictions as crimes of violence under the sentencing guidelines. Based on this finding, the district court sentenced Serna to fifty-seven months in prison, a three-year term of supervised release, and a $100 special assessment. Serna now appeals his sentence and conviction. The only issue of merit is whether the district court erred in enhancing his sentence by determining that his conviction for possessing a "prohibited weapon" was a crime of violence under the federal sentencing guidelines.

II

We review the district court's interpretation and application of the sentencing guidelines de novo. See <u>United States v.</u>

---

of § 922(g)(1) is not open to question."). He raises the argument in this appeal for the sole purpose of preserving it for further review. Accordingly, we also affirm his conviction.

Deavours, 219 F.3d 400, 402 (5th Cir. 2000).  Upon conviction for unlawful possession of a firearm as a felon, the sentencing guidelines impose a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(2).

The guidelines define "crime of violence" as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The application note to this provision sets forth a further definitional gloss on the term "crime of violence."

Application Note 1 provides:

    Crime of violence includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as crimes of violence if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

Id. (internal quotation marks omitted).

4

With this commentary in mind, we now turn to consider the crime at issue -- possession of a prohibited weapon, specifically a sawed-off shotgun. To obtain a felony conviction for this crime, the state had to prove that Serna "knowingly" possessed a sawed-off shotgun.[5]  TEX. PENAL CODE § 46.05(a)(3).  For this crime to

---

[5]The Texas statute under which Serna was convicted provides, in full:

(a) A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

   (1) an explosive weapon;
   (2) a machine gun;
   (3) a short-barrel firearm;
   (4) a firearm silencer;
   (5) a switchblade knife;
   (6) knuckles;
   (7) armor-piercing ammunition;
   (8) a chemical dispensing device; or
   (9) a zip gun.

(b) It is a defense to prosecution under this section that the actor's conduct was incidental to the performance of official duty by the armed forces or national guard, a governmental law enforcement agency, or a correctional facility.

(c) It is a defense to prosecution under this section that the actor's possession was pursuant to registration pursuant to the National Firearms Act, as amended.

(d) It is an affirmative defense to prosecution under this section that the actor's conduct:

   (1) was incidental to dealing with a switchblade knife, springblade knife, or short-barrel firearm solely as an antique or curio; or

   (2) was incidental to dealing with armor-piercing ammunition solely for the purpose of making the ammunition available to an organization, agency, or institution listed in Subsection (b).

constitute a crime of violence under federal law, it must fall within the "otherwise" clause of § 4B1.2(a)(2) and Application Note 1;[6] that is, unlawful possession of a prohibited weapon must "present[] a serious potential risk of physical injury to another." Id. In making this "risk" assessment, we take a categorical approach. Such an approach examines the conduct as alleged in the indictment and decides whether that conduct, by its nature, poses a serious potential risk of physical injury. See United States v. Charles, __ F.3d __, 2002 WL 1764147 (5th Cir. 2002)(en banc); United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir. 1992); U.S.S.G. § 4B1.2, app. n. 1. Under this approach, we do not consider the underlying conduct of the crime charged unless it is specifically referenced in the indictment. See United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999) (holding that an escape from prison was a crime of violence even though the defendant "simply walked away . . . no physical barriers prevented the escape and no guards were armed").

---

(e) An offense under this section is a felony of the third degree unless it is committed under Subsection (a)(5) or (a)(6), in which event, it is a Class A misdemeanor.

TEX. PENAL CODE § 46.05 (footnote omitted).

[6]Clearly, possession of a prohibited weapon does not fall within the other definitions of "crime of violence" contained in §§ 4B1.2.(a)(1)&(2): The elements of the crime do not include "the use, attempted use, or threatened use of physical force," or involve "burglary of a dwelling, arson, extortion, or the use of explosives." Id.

6

Serna's state court indictment reads as follows:

> ...RUBEN SERNA, JR. hereinafter styled Defendant, on or about the 21st day of July A.D. 1992, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there intentionally and knowingly possess a prohibited weapon, to wit: a shotgun with a barrel length of less than 18 inches...[7]

Thus, the question we face under our categorical approach is whether the specific conduct alleged in the indictment by its nature poses a serious potential risk of physical injury. In answering this question, we are interpreting and applying federal law, i.e., the sentencing guidelines, to a federal conviction. In short, we are resolving a question of federal -- not state -- law. The question of federal law presented is whether, under the sentencing guidelines, "intentionally and knowingly possess[ing] ... a shotgun with a barrel length of less than 18 inches" in violation of Texas law constitutes conduct which by its nature presents a serious potential risk of physical injury to another.

At the outset we note that "possession", though often passive, constitutes "conduct". Thus, the next step to consider is the nature of that conduct. In this quest, we must consider the character of the prohibited weapon: a sawed-off shotgun.

In enacting gun control legislation Congress expressed the view that a short-barreled firearm, or sawed-off shotgun, when

---

[7]We note that this count expressly identifies the type of weapon which Serna was charged with possessing; and we confine this opinion to the circumstances of possession of a "short barreled firearm" under the Texas statute.

7

unlawfully possessed, is primarily used for violent purposes. Under the National Firearms Act ("NFA"), the possessor of a sawed-off shotgun must register the weapon with the federal government. 26 U.S.C. §§ 5841(a), 5845(a)&(e). The failure to register is a violation of criminal law. 26 U.S.C. §§ 5861(d), 5871. In United States v. Jennings, 195 F.3d 795 (5th Cir. 1999), cert. denied, 530 U.S. 1245 (2000), we held that "the primary reason that unregistered possession of [a weapon listed in the NFA, i.e., a sawed-off shotgun] is a crime is the virtual inevitability that such possession will result in violence." Id. at 799. The legislative history of the NFA reinforces the view we articulated in Jennings. Congress passed the NFA in response to gangster-style violence after observing that "there is no reason why anyone except a law officer should have a machine gun or a sawed-off shotgun." See H.Rep. No. 1780, at 1 (1934); accord United States v. Fortes, 141 F.3d 1, 6 (1st Cir. 1998)(explaining that under the NFA, "[o]nly those firearms must be registered that Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes").

Furthermore, the Fourth, Seventh, Eighth, and Ninth Circuits each have found that, because it is primarily used for violent purposes, possession of a sawed-off shotgun presents a serious potential risk of physical injury and therefore constitutes a "crime of violence." See United States v. Johnson, 246 F.3d 330, 334-35 (4th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 191 (2001);

8

United States v. Brazeau, 237 F.3d 842, 845 (7th Cir. 2001); United States v. Allegree, 175 F.3d 648, 651 (8th Cir. 1999) (finding that sawed-off shotguns are "inherently dangerous and lack usefulness except for violent and criminal purposes"); United States v. Hayes, 7 F.3d 144, 145 (9th Cir. 1993) (finding that "sawed-off shotguns are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force").  In addition, the First Circuit has held that possession of a sawed-off shotgun is a "violent felony" for the purpose of determining whether a maximum prison term should be enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).  See United States v. Fortes, 141 F.3d 1, 6-7 (1st Cir. 1998).  The ACCA employs identical language to define "violent felony" as the sentencing guidelines use to define "crime of violence."  Compare 18 U.S.C. § 924(e)(1) with U.S.S.G. § 4B1.2(a).  Fortes thus provides persuasive authority that the First Circuit would consider possession of a sawed-off shotgun a crime of violence.  In the light of the decisions of our sister circuits and the findings of Congress, we are easily persuaded that a sawed-off shotgun is a weapon for which the primary purpose of unlawful possession is violence.

We thus conclude our analysis under the sentencing guidelines: We have noted that possession is conduct; and we have determined that use for violence is the primary purpose for a sawed-off shotgun.  It follows that violence is more likely than not to occur

9

from unlawful possession of a sawed-off shotgun. We therefore conclude that the unlawful possession a sawed-off shotgun under the Texas statute constitutes conduct that, by its nature, poses a serious potential risk of physical injury to another and is therefore a crime of violence under U.S.S.G. § 4B1.2(a). Serna's sentence is therefore proper and the judgment of the district court is

AFFIRMED.