United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41612
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRIAN JASON DANEK,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-92-1
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Brian Jason Danek appeals the 57-month sentence imposed
following his guilty plea to being a felon in possession of a
firearm.  He contends that the district court erred in setting
his base offense level at 20 pursuant to United States Sentencing
Guidelines (U.S.S.G.) § 2K2.1(a)(4)(A) based on the court's
determination that Danek's prior Maryland conviction for reckless
endangerment was a "crime of violence."  He also contends that
the district court erred in increasing his offense level by two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 3B1.1(c) on account of his leadership role in recruiting his wife to participate in the offense.

There is no support in the record for Danek's assertion, made for the first time on appeal, that he was convicted of reckless endangerment following plea bargaining on a different charge. Danek concedes that the Maryland reckless-endangerment statute describes a crime of violence under the guidelines. Thus, it was not plain error for the district court to determine that Danek had been convicted of a crime of violence. See United States v. Serna, 309 F.3d 859, 862 (5th Cir. 2002); cert. denied, 123 S. Ct. 1327 (2003); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). It is unnecessary to address Danek's argument that, absent this asserted error, he would have been eligible for an offense level of six.

At sentencing, Danek waived the argument that his wife was not a "participant" in the offense for purposes of the two-level enhancement; the issue therefore is unreviewable. See United States v. Musquiz, 45 F.3d 927, 931-32 (5th Cir. 1995). Even if it were reviewable, there was no plain error because the record supports a determination that Danek's wife participated knowingly in the offense. See United States v. Glinsey, 209 F.3d 386, 396 (5th Cir. 2000). The district court did not err in determining that Danek was a leader in the offense. See United States v. Giraldo, 111 F.3d 21, 24-25 (5th Cir. 1997).

AFFIRMED.