# United States Court of Appeals
## For the First Circuit

No. 05-1759

UNITED STATES OF AMERICA,

Appellee,

v.

DANIEL RALPH BISHOP,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Matthew S. Erickson with whom Smith Law Offices, P.A., was on brief for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

June 27, 2006

**COFFIN**, <u>Senior Circuit Judge</u>.  Appellant, a felon, was prosecuted under 18 U.S.C. § 922(g)(1) for possession of firearms seized in his residence.  Convicted after a jury trial, and the district court having found that his criminal record included convictions for three violent felonies, he was sentenced to a term of 188 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which sets a mandatory minimum term of fifteen years.

Appellant asserts two trial errors: exclusion of the cross-examination of government witnesses and refusal to give requested jury instructions on an affirmative defense.  He also challenges a sentencing ruling that one of his prior convictions – possession of an unregistered sawed-off shotgun – was a "violent felony."  This appeal follows a vigorously tried and briefed case and thoughtful consideration of the issues by the district court.  Our brief disposition does not belittle the gravity of appellant's concerns, but signifies that the case needs no further legal analysis before closure.

Appellant's major effort has been directed to the sentencing issue.  The district court felt bound by our decision in <u>United States</u> v. <u>Fortes</u>, 141 F.3d 1, 8 (1st Cir. 1998), where we flatly held that "possession of a sawed-off shotgun is a 'violent felony' within the meaning of ACCA."  The district court took note of appellant's arguments urging the overruling of <u>Fortes</u>, but properly also noted that it was bound to it as the law of the circuit.

-2-

Appellant's main brief closed with the request that the judgment be vacated and the case remanded for a new trial. In his reply brief, he substituted the request that Fortes be reviewed by the court en banc and overruled. We find ourselves, as a panel, in the same position as the district court; absent "supervening authority sufficient to warrant disregard of established precedent," we, too, are bound to follow Fortes. Lattab v. Ashcroft, 384 F.3d 8, 15 (1st Cir. 2004); see also United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir. 1991).

We add, to avoid being misinterpreted, that we feel no compulsion to initiate any en banc reconsideration of Fortes. Contrary to appellant's assertion, we see no implicit inconsistency with our prior ruling in United States v. Doe, 960 F.2d 221 (1st Cir. 1992). In Doe we gave weight to a United State Sentencing Commission commentary amendment to the effect that unlawful possession of an ordinary or generic firearm, without more, did not meet the pertinent definition of a violent felony: a crime that "involves conduct that presents a serious potential risk of physical injury to another." Id. at 225. In Fortes we gave weight to the fact that the Sentencing Commission had not issued a similar amendment covering such specialized weapons as silencers, machine guns, or sawed-off shotguns, particularly identified in 26 U.S.C. § 5845(a), unregistered possession of which is barred by 26 U.S.C. § 5861(d).

Our position has since been reinforced by the Sentencing Commission.  In 2004, it again amended its commentary – this time to address the specialized weapons – and explicitly "expand[ed] the definition of 'crime of violence' . . . to include unlawful possession of any firearm described in 26 U.S.C. § 5845(a)."  U.S. Sentencing Guidelines Manual app. C supp., amend. 674, at 134 (2004).  The rationale for the change tracked our discussion in Fortes, where we deemed the difference between possession of a generic "firearm" and a weapon "singled-out for particularized treatment" to be "very substantial."  141 F.3d at 7.  The Commission noted that "Congress has determined that those firearms described in 26 U.S.C. § 5845(a) are inherently dangerous and when possessed unlawfully, serve only violent purposes."  We made the same observation in Fortes, citing United States v. Dunn, 946 F.2d 615, 621 (9th Cir. 1991), for the proposition that unlawful possession of § 5845(a) firearms involves a conjunction of disregard for law and the risk of use and injury.[1]

The Commission also noted that a number of courts endorsed this view, and we have identified at least six circuits in addition

---

[1] Although the definitions of "violent felony" in the Armed Career Criminal Act, see 18 U.S.C. § 924(e)(2)(B), and "crime of violence" in the Sentencing Guidelines are not identical, see U.S. Sentencing Guidelines Manual §§ 4B1.2, 4B1.4, comment. (n.1), the "serious potential risk of physical injury to another" language is the same in both and "courts have 'look[ed] generally to cases pertaining to either provision "to elucidate the nature of the categorical inquiry,"'" United States v. Santos, 363 F.3d 19, 22 n.5 (1st Cir. 2004).

to ourselves and the Ninth Circuit: United States v. Owens, 447 F.3d 1345, 1346-47 (11th Cir. 2006) (per curiam); United States v. Serna, 309 F.3d 859, 863-64 (5th Cir. 2002); United States v. Johnson, 246 F.3d 330, 334-35 (4th Cir. 2001); United States v. Dwyer, 245 F. 3d 1168, 1172 (10th Cir. 2001); United States v. Brazeau, 237 F.3d 842, 844-45 (7th Cir. 2001); United States v. Allegree, 175 F.3d 648, 651 (8th Cir. 1999).

Finally, appellant argues that the ground rules governing the determination of a prior conviction of a violent felony have dramatically changed. In Taylor v. United States, 495 U.S. 575, 602 (1990), the Court, referring to the same felon-in-possession enhancement provision at issue here, stated, "[I]t generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." Now, appellant invokes the renewed emphasis on juries in such post-Taylor cases as Shepard v. United States, 544 U.S. 13 (2005); United States v. Booker, 543 U.S. 220 (2005); and Apprendi v. New Jersey, 530 U.S. 466 (2000), and claims that a jury must consider the particulars of the possession of a sawed-off shotgun – for example, whether such weapon was found in working order in close proximity or broken in an inaccessible location – to determine if they constituted "a serious potential risk of physical injury to another."

In addition to other reasons why such cases are inapt, we agree with the Tenth Circuit's holding in United States v. Moore,

-5-

401 F.3d 1220, 1225 (10th Cir. 2005), that they have not changed the proposition that "determining whether a given felony constitutes a 'violent felony' is a question of law and not fact . . ." and thus a matter for the court and not a jury. See also United States v. Santos, 363 F.3d 19, 22 (1st Cir. 2004) (whether a prior conviction qualifies as a "crime of violence" for purposes of the career offender provision of the Sentencing Guidelines "is a question of law that we review de novo"); cf. Aguiar v. Gonzales, 438 F.3d 86, 88 (1st Cir. 2006) (whether an offense constitutes a "crime of violence" under 18 U.S.C. § 16, thus qualifying as an "aggravated felony" for immigration purposes, is a question of law).

The two trial errors asserted may be readily resolved. The limitation of cross-examination of, principally, one government witness was clearly a call within the trial court's discretion. The hoped for benefit to defendant was that a witness who had implicated him in possessing weapons had, on another occasion, falsely accused him of rape. This is but minimally argued, without citations. In any event, the likelihood of diversion and prejudice, see Fed. R. Evid. 403, and the unlikelihood of appellant's ability to counter any denial by the witness, see Fed. R. Evid. 608(b), amply supported the exclusion.

After concluding that appellant had not produced enough evidence to support his affirmative defense of necessity, the court

refused to give a requested instruction.  This issue, however, is forfeited, for appellant failed to renew his request after the court had delivered its instructions, and there was unquestionably no plain error.  See United States v. Mendoza-Acevedo, 950 F.2d 1, 4 (1st Cir. 1991).

Affirmed.