**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerry Wayne THOMAS, Defendant–Appellant.**

No. 05–30602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 15, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bruce F. Miyake, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Suzanne Lee Elliott, Esq., Law Offices of Suzanne Lee Elliott, Seattle, WA, for Defendant–Appellant.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Appellant Jerry Wayne Thomas challenges the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"). Thomas argues that his prior conviction for third-degree rape under Washington Revised Code

§ 9A.44.060(1)(a) does not qualify as a predicate "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii). Thomas also argues that the sentence enhancement violated his Sixth Amendment rights because the fact of his prior convictions was not found by a jury beyond a reasonable doubt. We affirm.

■ Third-degree rape does not require an element of force under Washington law, but it necessarily involves close physical contact with a victim who has clearly expressed lack of consent to sexual intercourse. Wash. Rev.Code § 9A.44.060(1)(a). The district court correctly concluded that such an offense qualifies as a violent felony under § 924(e)(2)(B)(ii) because it "involves conduct that presents a serious potential risk of physical injury to another." *See James v. United States,* —— U.S. ——, 127 S.Ct. 1586, 1596–97, 167 L.Ed.2d 532 (2007); *United States v. Riley,* 183 F.3d 1155, 1159 (9th Cir.1999) (explaining that even "in its least violent form" non-consensual rape poses a real danger of resistance and escalating violence).

■ Nor did the district court err by enhancing Thomas's sentence under the ACCA, notwithstanding that the fact of his prior convictions had not been found by a jury beyond a reasonable doubt. *See United States v. Esparza–Gonzalez,* 422 F.3d 897, 907 (9th Cir.2005) ("[E]nhancements based on prior convictions need not be proven beyond reasonable doubt [to] a jury or admitted by the defendant to satisfy the Sixth Amendment.").

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.