05-4363-cv
Rosenberg v. Metlife, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2005

(Argued: April 21, 2006          Decided: June 14, 2007)

Docket No. 05-4363-cv

-----------------------------------------------------------x

CHASKIE J. ROSENBERG,

Plaintiff-Appellant,

-- v. --

METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY,
and METLIFE SECURITIES, INC.,

Defendants-Appellees.

-----------------------------------------------------------x

B e f o r e :  JACOBS, Chief Judge, WALKER and WALLACE,
               Circuit Judges.*

    Appeal from a judgment of the United States District Court
for the Southern District of New York (Jed S. Rakoff, Judge)
granting summary judgment to the defendants on the plaintiff's
libel claim.  On appeal, the plaintiff argues that the district
court erred in holding that under New York law, statements made
on an NASD Form U-5 are subject to an absolute privilege.  We

_____

* The Honorable J. Clifford Wallace, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

certified the question to the New York Court of Appeals and received an answer.

AFFIRMED.

MAURICE W. HELLER (Jacob W. Heller and Allen M. Eisenberg, on the brief), Heller Horowitz & Feit, P.C., New York, New York, for Plaintiff-Appellant.

STEVEN E. OBUS (Steven Yarusinsky, on the brief), Proskauer Rose LLP, Newark, New Jersey, for Defendants-Appellees.

PER CURIAM:

The National Association of Securities Dealers ("NASD") requires its members to file a termination form ("Form U-5") whenever they terminate a registered employee. The form contains the employer's statement of the reasons for the termination, and the NASD provides the form to any member firm upon request. This case presents the question of whether an employee may base an action for libel on statements on a Form U-5.

In a July 19, 2005 judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge), the district court held that such statements are absolutely privileged and granted summary judgment to the defendants. We certified to the New York Court of Appeals the question of whether such statements are subject to an absolute or qualified privilege. See Rosenberg v. Metlife, Inc., 453 F.3d 122 (2d Cir. 2006) [hereinafter Rosenberg I]. Because the New

-2-

York Court of Appeals has held that such statements are absolutely privileged, see Rosenberg v. Metlife, Inc., – N.E.2d –, 8 N.Y.3d 359, 368 (2007) [hereinafter Rosenberg II], we affirm the judgment of the district court.

**BACKGROUND**

Plaintiff-appellant Chaskie Rosenberg began his employment at defendant-appellee MetLife, Inc. in 1997. After a series of audits, MetLife terminated Rosenberg in 2003. Under its obligations as an NASD member, MetLife, Inc. filed a Form U-5 with the NASD that gave the following reason for termination:

> AN INTERNAL REVIEW DISCLOSED MR[.] ROSENBERG APPEARED
> TO HAVE VIOLATED COMPANY POLICIES AND PROCEDURES
> INVOLVING SPECULATIVE INSURANCE SALES AND POSSIBLE
> ACCESSORY TO MONEY LAUNDERING VIOLATIONS.

Unhappy with this statement, Rosenberg brought an action for employment discrimination, libel, fraudulent misrepresentation, and breach of contract against MetLife, Inc., Metropolitan Life Insurance Company, and MetLife Securities, Inc. (collectively "MetLife"). The district court granted summary judgment to MetLife on Rosenberg's libel claim, holding that under New York law, statements made on a Form U-5 are absolutely privileged. Rosenberg's remaining claims were either dismissed or rejected by the jury at trial.

Rosenberg timely appealed, arguing that the district court erred in concluding that New York law affords an absolute privilege to statements on a Form U-5. Because we concluded that

this state law issue was important, unsettled, and determinative of the appeal, we certified the following question to the New York Court of Appeals:

> Are statements made by an employer on an NASD employee termination notice ("Form U-5") subject to an absolute or a qualified privilege in a suit for defamation?

Rosenberg I, 453 F.3d at 124, 128-29.

The New York Court of Appeals accepted the question and thereafter held that statements on a Form U-5 are absolutely privileged in a suit for defamation. Rosenberg II, 8 N.Y.3d at 368. We now dispose of this appeal in light of that decision.

**DISCUSSION**

We review a district court's grant of summary judgment de novo. Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007). Summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

It is now clear that the statements on which Rosenberg bases his libel claim are absolutely privileged under New York law. See Rosenberg II, 8 N.Y.3d at 368. Absolute privilege shields the speaker or writer from liability for an otherwise defamatory statement, regardless of the speaker or writer's motive in making the statement. Park Knoll Assocs. v. Schmidt, 451 N.E.2d 182, 183-84, 59 N.Y.2d 205, 208-09 (1983). Rosenberg advances no

-4-

argument that the statements might escape the privilege.[1]

Because a libel action on an absolutely privileged statement is barred as a matter of New York law, see, e.g., Cicconi v. McGinn, Smith & Co., 808 N.Y.S.2d 604, 606-08 (App. Div. 2005), the district court properly granted summary judgment to MetLife.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] Consequently, we need not decide if there are circumstances in which statements on a Form U-5 are not absolutely privileged under Rosenberg II. We note, however, that in the context of judicial or quasi-judicial proceedings, statements made by parties, attorneys, and witnesses are absolutely privileged only "so long as they are material and pertinent to the issue to be resolved in the proceeding." Sinrod v. Stone, 799 N.Y.S.2d 273, 274 (App. Div. 2005); see also Rosenberg II, 8 N.Y.3d at 365; cf. also Wiener v. Weintraub, 239 N.E.2d 540, 541, 22 N.Y.2d 330, 332-33 (1968) (concluding that statements in a letter to a grievance committee of the bar association were absolutely privileged because "the statement . . . was material and pertinent to the matter in issue").

-5-