Justice Alito,
with whom Justice Thomas joins, concurring in the judgment.
As I have previously explained, I believe that the Court’s approach in Begay, like its approach in this case, “cannot be reconciled with the statutory text.” Begay v. United States, 553 U. S. 137, 155 (2008) (dissenting opinion). I nonetheless recognize that “stare decisis in respect to statutory interpretation has ‘special force,’” John R. Sand & Gravel Co. v. United States, 552 U. S. 130, 139 (2008), and I am sympathetic to the majority’s efforts to provide a workable interpretation of the “residual clause” of the Armed Career Criminal Act (ACCA), while retaining the “categorical approach” that we *132 adopted in Taylor v. United States, 495 U. S. 575, 602 (1990). In light of Taylor and Begay, I agree that this case should be remanded for resentencing. I write separately, however, to emphasize that only Congress can rescue’ the federal courts from the mire into which ACCA’s draftsmanship and Taylor’s “categorical approach” have pushed us.
In 1986, when Congress enacted ACCA’s residual clause, 18 U. S. C. § 924(e)(2)(B)(ii), few could have foreseen the difficulties that lay ahead.[1] Only four months before Congress framed the residual clause, this Court upheld a state sentencing provision that imposed a mandatory minimum sentence where the judge found by a preponderance of the evidence that the defendant visibly possessed a firearm during the commission of certain felonies (including robbery). See McMillan v. Pennsylvania, 477 U. S. 79 (1986). Legislating against the background of McMillan, Congress may have assumed that ACCA’s residual clause would similarly require federal sentencing judges to determine whether the particular facts of a particular case triggered a mandatory minimum sentence.
But history took a different track. In Taylor, the Court held that ACCA requires “the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.” 495 U. S., at 600. Thus, we held that sentencing judges should apply a “categorical approach” to determine whether an underlying state offense meets the “generic” definition of burglary that this Court— *133 not Congress — created. Id., at 598. The Court justified its decision with a 10-page discussion of ACCA’s purpose and legislative history, id., at 581-590; see also id., at 603 (Scalia, J., concurring in part and concurring in judgment) (criticizing the Court’s approach), and explained that its conclusion was necessary to undo “an inadvertent casualty [in ACCA’s] complex drafting process,” id., at 589-590.
ACCA’s clarity has been the true inadvertent casualty. After almost two decades with Taylor’s “categorical approach,” only one thing is clear: ACCA’s residual clause is nearly impossible to apply, consistently. Indeed, the “categorical approach” to predicate offenses has created numerous splits among the lower federal courts,[2] the resolution of which could occupy this Court for years. What is worse is *134 that each new application of the residual clause seems to lead us further and further away from the statutory text. Today’s decision, for example, turns on little more than a statistical analysis of a research report prepared by the United States Sentencing Commission. Ante, at 129, 131 (Appendix B).
At this point, the only tenable, long-term solution is for Congress to formulate a specific list of expressly defined crimes that are deemed to be worthy of ACCA’s sentencing enhancement. That is the approach that Congress took in 1984, when it applied ACCA to two enumerated and expressly defined felonies. See n. 1, supra. And that approach is the only way to right ACCA’s ship.

 Congress originally enacted ACCA in 1984. See § 1802, 98 Stat. 2185, 18 U. S. C. App. § 1202(a) (1982 ed. and Supp. II) (repealed in 1986 by Firearms Owners’ Protection Act, § 104(b), 100 Stat. 459). That statute, however, applied a mandatory sentencing enhancement to only two predicate felonies — robbery and burglary — which the statute expressly defined. 18 U. S. C. App. §§1202(c)(8)-(9) (1982 ed., Supp. II). Congress did not add the undefined “otherwise clause” until 1986. See Career Criminals Amendment Act of 1986, § 1402, 100 Stat. 3207-39.

 For example, the lower courts have split over whether it is a “violent felony” under ACCA’s residual clause to commit rape, compare United States v. Sawyers, 409 F. 3d 732 (CA6 2005) (statutory rape not categorically violent), with United States v. Williams, 120 F. 3d 575 (CA5 1997) (inducement of minor to commit sodomy violent), and United States v. Thomas, 231 Fed. Appx. 765 (CA9 2007) (all rape violent); retaliate against a government officer, compare United States v. Montgomery, 402 F. 3d 482 (CA5 2005) (not violent), with Sawyers, supra (violent); attempt or conspire to commit burglary, compare United States v. Fell, 511 F. 3d 1035 (CA10 2007) (even after James v. United States, 550 U. S. 192 (2007), and even where statute requires an overt act, conspiracy to commit burglary not violent), with United States v. Moore, 108 F. 3d 878 (CA8 1997) (attempted burglary violent if statute requires proof .of overt act); carry a concealed weapon, compare United States v. Whitfield, 907 F. 2d 798 (CA8 1990) (not violent), with United States v. Hall, 77 F. 3d 398 (CA11 1996) (violent); and possess a sawed-off shotgun as a felon, compare United States v. Amos, 501 F. 3d 524 (CA6 2007) (not violent), with United States v. Bishop, 453 F. 3d 30 (CA1 2006) (violent). Compare also United States v. Sanchez-Garcia, 501 F. 3d 1208 (CA10 2007) (unauthorized use of a motor vehicle not a “violent felony” under 18 U. S. C. § 16(b), which closely resembles ACCA’s residual clause), with United States v. Reliford, 471 F. 3d 913 (CA8 2006) (automobile tampering violent under ACCA’s residual clause), and United States v. Galvan-Rodriguez, 169 F. 3d 217 (CA5 1999) (per curiam) (unauthorized use of a motor vehicle a “violent felony” under § 16(b)).