# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-11270
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BYRON DEMARCUS MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-138-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Byron Demarcus Moore appeals from his guilty plea conviction and sentence for being a felon in possession of a firearm. He argues that the district court erred by applying U.S.S.G. § 2K2.1(a)(2) to his sentence based upon the classification of his prior Texas conviction for possession of a prohibited firearm as a crime of violence, as that term is defined in U.S.S.G. § 4B1.2(a). Although Moore acknowledges that this argument was rejected in *United States v. Serna*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

309 F.3d 859, 864 (5th Cir. 2002), he contends that *Serna* has been overruled or undermined by *Begay v. United States*, 128 S. Ct. 1581 (2008). *Begay* did not specifically overrule *Serna* regarding this issue. Moreover, the commentary to § 4B1.2 states, "Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" § 4B1.2, comment. (n.1).

In his reply brief, Moore addresses that commentary and argues that it is not applicable because the district court improperly relied upon the presentence report's quoted language from the indictment to classify his prior Texas conviction as a crime of violence. However, defense counsel admitted at sentencing that Moore's prior conviction was for possession of a short-barreled shotgun. Thus, even if we assume that Moore's argument was properly raised before this court, the district court was permitted to utilize Moore's admission when determining whether his prior conviction was a crime of violence under § 2K2.1(a)(2). *See United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006). In light of *Serna* and § 4B1.2's commentary, the district court did not err by applying § 2K2.1(a)(2) to Moore's sentence. *See United States v. Mohr*, 554 F.3d 604, 607 n.1 (5th Cir. 2009), *petition for cert. filed* (Mar. 31, 2009) (No. 08-9578); *United States v. Sarmiento-Funes*, 374 F.3d 336, 338 (5th Cir. 2004).

Moore also challenges the constitutionality of 18 U.S.C. § 922(g) in light of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). This argument is foreclosed by *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009).

The district court's judgment is AFFIRMED.