# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2469

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Glen R. Shepard, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 30, 2009
Filed: August 6, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Glen R. Shepard (Shepard) pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and to being an unlawful user of methamphetamine in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(e)(1). The district court[1] sentenced Shepard to 180 months in prison as an armed career criminal (ACC) under section 924(e), which mandates a minimum sentence of 180 months for a section 922(g) offender who has three previous convictions for a violent felony or a serious drug offense committed on

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

occasions different from one another. Shepard appeals, and his counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. Shepard raises multiple pro se arguments and has moved for appointment of new counsel. For the reasons discussed below, we affirm the judgment, grant counsel's motion to withdraw, and deny Shepard's motion for new counsel.

Shepard's pro se arguments, which we address seriatim, fail: (1) his ineffective-assistance claims are not properly before us in this direct criminal appeal, see United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006); (2) we do not address his challenge to the presentence report's recommendation of a 4-level enhancement for possessing a firearm in connection with another felony offense, because his offense level instead was calculated based on his ACC status under section 924(e) and U.S.S.G. § 4B1.4(a), and thus the 4-level enhancement had no effect on his advisory Guidelines sentencing range, see United States v. Moore, 108 F.3d 878, 880 n.2 (8th Cir. 1997); (3) Shepard's Kansas conviction for involuntary manslaughter is a violent felony for purposes of sections 924(e) and 4B1.4, see 18 U.S.C. § 924(e)(2)(B) (defining "violent felony"); Kan. Stat. Ann. § 21-3404 (defining involuntary manslaughter); U.S.S.G. § 4B1.2, app. n.1 (declaring manslaughter is a "crime of violence"); United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008) (stating court has never recognized difference between "crime of violence" and "violent felony"); (4) as to Shepard's newly raised argument that his Missouri conviction for second-degree burglary is not a violent felony, we find no error, plain or otherwise, see 18 U.S.C. § 924(e)(2)(B) (defining violent felony in relevant part as "burglary"); Mo. Rev. Stat. § 569.170(1) (defining second-degree burglary); United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (holding a Missouri commercial burglary conviction for entering a building amounted to generic burglary under Taylor v. United States, 495 U.S. 575, 599 (1990), and therefore was a crime of violence); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (declaring errors not properly preserved are reviewed for plain error only); and

(5) because Shepard has at least one other qualifying predicate felony triggering ACC status, we do not consider his newly raised argument that his auto-tampering conviction is not a violent felony.

Because Shepard was properly sentenced as an armed career criminal, the Anders-brief challenge to his sentence fails. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (explaining "Booker[2] does not relate to statutorily-imposed sentences"). Having reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, we grant counsel's motion to withdraw upon counsel's compliance with Fed. R. App. P. 27(a), and we deny Shepard's motion for new counsel.

_____

---

[2]United States v. Booker, 543 U.S. 220 (2005).