# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2010

———————

United States of America,

    Appellee,

  v.

Donald Ray Warbritton,

    Appellant.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.

\* [UNPUBLISHED]

———————

Submitted: December 15, 2009
Filed: January 12, 2010

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

  Donald Warbritton appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court determined he was an armed career criminal within the meaning of the Sentencing Guidelines, see U.S.S.G. § 4B1.4(b)(3)(B), and sentenced him to 210 months in prison and three years of supervised release. In a brief under Anders v. California, 386 U.S. 738 (1967), counsel argues that the district court erred in denying Warbritton's motion to suppress

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

post-Miranda[2] statements made while he was intoxicated and injured, denying his motion for a mistrial based on remarks by the prosecutor during voir dire, allowing evidence of Warbritton's post-arrest flight from the police station, denying his motion for judgment of acquittal based on insufficiency of the evidence, rejecting a proposed jury instruction with an alternative definition of reasonable doubt, and imposing a two-level enhancement for obstruction of justice. Warbritton's pro se supplemental brief repeats these arguments, and further cites United States v. Booker, 543 U.S. 220 (2005), for the propositions that the district court lacked jurisdiction and authority to sentence him. Upon careful review, we affirm for the reasons that follow.

The district court did not err in denying Warbritton's suppression motion, because there was no evidence to suggest that law enforcement officers used coercive tactics while questioning Warbritton after his vehicle accident, or that Warbritton's will was overborne, despite his intoxication and injuries. See United States v. Howard, 532 F.3d 755, 758-59, 763 (8th Cir. 2008) (on review of denial of motion to suppress, district court's factual determinations are reviewed for clear error, and its legal conclusions de novo; to establish his statements were involuntary because he was under influence of drugs, defendant needed to show his intoxication caused his will to be overborne); cf. Colorado v. Connelly, 479 U.S. 157, 167 (1986) (coercive police activity is necessary predicate to finding that confession was not "voluntary").

The district court also did not abuse its discretion in denying Warbritton's motion for a mistrial based on the prosecutor's remark to the jurors during voir dire that they would not hear all about Warbritton's criminal history, including "the good, the bad, and the ugly." This remark was not unduly prejudicial or likely to influence the potential jurors, who received a limiting instruction. See United States v. Boesen, 541 F.3d 838, 847 (8th Cir. 2008) (district court did not abuse its discretion by denying mistrial when it sustained defense objection to prosecutor's statement; noting

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

district court is in far better position to measure effect of improper question on jury than appellate court).  In addition, the district court did not abuse its discretion in allowing evidence that Warbritton walked away from the police station sometime after his arrest, because defense counsel "opened the door" to the evidence during cross-examination by pointing out that certain police paperwork was incomplete.  See United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008), cert. denied, 129 S. Ct. 2431 (2009), (district court's evidentiary rulings are reviewed for abuse of discretion; even unfairly prejudicial evidence is generally admissible if person against whom it was offered opened door to its admission by offering related favorable evidence).

Because the evidence at trial included testimony that Warbritton admitted the firearm found at the scene of his vehicle accident was his, and because he stipulated that the firearm had traveled in interstate commerce and that he had been convicted of a crime punishable by imprisonment exceeding one year, the court did not err in denying Warbritton's motion for a judgment of acquittal.  See United States v. Lofton, 557 F.3d 594, 596 (8th Cir. 2009) (sufficiency-of-evidence standard of review; to convict defendant of being felon in possession of firearm, government needed to prove (1) defendant had prior felony conviction, (2) he knowingly possessed firearm, and (3) firearm affected interstate commerce).  The court also did not abuse its discretion in denying Warbritton's proposed reasonable-doubt jury instruction in favor of the Eighth Circuit Model Instruction.  See United States v. Cruz-Zuniga, 571 F.3d 721, 725-26 (8th Cir. 2009) (finding no abuse of district court's wide discretion in formulating appropriate jury instructions where court gave Eighth Circuit Model Instruction on reasonable doubt; defendant is not entitled to particularly-worded instruction when instructions actually given by trial court adequately and correctly cover substance of requested instruction).  As to Warbritton's sentence, the challenge to the obstruction-of-justice enhancement is moot because the enhancement ultimately had no bearing on his sentence.  See United States v. Moore, 108 F.3d 878, 880 & n.2 (8th Cir. 1997) (challenge to obstruction-of-justice enhancement was moot because defendant's offense level was determined by his status as armed career criminal and

reversal of enhancement would not affect his sentence).  Last, we find no merit to Warbritton's additional pro se arguments.

Having independently reviewing the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues.  Accordingly, we affirm.  We grant counsel's motion to withdraw, subject to counsel informing Warbritton about procedures for seeking rehearing or filing a petition for certiorari.

_____