*Joshi v. Trs. of Columbia Univ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

---

SHAILENDRA JOSHI,

> *Plaintiff-Appellant*,

v.

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, COLUMBIA UNIVERSITY COLLEGE OF PHYSICIANS AND SURGEONS,

> *Defendants-Appellees*.

No. 21-418

---

| For Plaintiff-Appellant: | JONATHAN JEREMIAS, McLaughlin & Stern LLP, New York, NY (Bruce Alden Langer, New York, NY, *on the brief*). |
|---|---|
| For Defendants-Appellees: | ANDREW W. SCHILLING (Brian J. Wegrzyn, Dana W. Kumar, *on the brief*), Buckley LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dr. Shailendra Joshi appeals the district court's grant of summary judgment in favor of Defendants-Appellees The Trustees of Columbia University in the City of New York, Columbia University in the City of New York, and Columbia University College of Physicians and Surgeons (collectively, "Columbia"). Joshi, an anesthesiologist at Columbia University College of Physicians and Surgeons, alleges that Columbia retaliated against him after he reported his colleague for research misconduct. Joshi argues that this alleged retaliation violated (1) Columbia's Research Misconduct and Non-Retaliation

2

Policies, which Joshi contends constitute a contract between himself and Columbia, and (2) section 715-b(a) of the New York Not-for-Profit Corporation Law, which requires certain not-for-profit corporations to "adopt . . . a whistleblower policy to protect from retaliation persons who report suspected improper conduct," N.Y. Not-for-Profit Corp. Law § 715-b(a). In granting summary judgment for Columbia, the district court concluded that the undisputed evidence demonstrated that Columbia's actions were not motivated by a desire to retaliate against Joshi for reporting research misconduct and that Columbia complied with the requirements of section 715-b(a).

We review a district court's grant of summary judgment de novo. *See Rosenberg v. MetLife, Inc.*, 493 F.3d 290, 291 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Even assuming that Columbia's Research Misconduct and Non-Retaliation Policies constitute an employment contract, Joshi's breach of contract claim still fails. The Non-Retaliation Policy prohibits retaliation against any person who reports compliance or ethics concerns or who seeks guidance on compliance or ethics. That policy defines "[r]etaliation" as "any action, statement, or behavior

3

that is designed to punish an individual for filing a compliance report, cooperating with a compliance investigation, seeking guidance regarding a compliance concern or to deter one from taking such action." App'x at 69. Examples of retaliation under the policy include "intimidation[;] adverse action against an employee regarding the terms and conditions of employment, such as termination, demotion, or suspension[;] as well as related threats of such actions." *Id.* Joshi contends that Columbia retaliated against him when it (1) delayed his promotion to full professor; (2) denied his appointment to Division Chief; (3) refused to give him a joint appointment with the Department of Neurology; (4) reduced his allotment of non-clinical time; (5) required him to perform electroconvulsive therapy, a type of clinical work that he disliked; (6) closed his lab; and (7) permitted the Division Chief to speak ill of Joshi to their colleagues. But Joshi identifies no evidence suggesting that these actions were motivated by a desire to retaliate against him for reporting research misconduct, and he fails to rebut the ample evidence of Columbia's legitimate, neutral justifications for each of the challenged actions. We therefore reject Joshi's breach-of-contract claims.

We also reject Joshi's claims for breach of the implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing has a

4

narrow scope, and "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach[-]of[-]contract claim, based upon the same facts, is also pled."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) (alteration omitted).   Joshi's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are based on the same facts related to Columbia's alleged retaliation against him.   Thus, as a matter of law, Joshi cannot assert a claim for breach of the implied covenant of good faith and fair dealing.

Joshi's promissory estoppel claims fail for the same reason.  *See Grossman v. N.Y. Life Ins. Co.*, 935 N.Y.S.2d 643, 645 (2d Dep't 2011) (holding that "the existence of valid and enforceable written contracts precludes recovery under . . . promissory estoppel" when the contract and promissory estoppel claims "arise out of the same subject matter").   Moreover, even in the absence of an enforceable contract, Joshi's promissory estoppel claim would still fail, since – as noted above – there is no evidence that Columbia retaliated against him for reporting alleged research misconduct.   *See Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995) (requiring plaintiffs who assert promissory estoppel claims under

5

New York law to show that they have been injured by the defendants' broken promise).

Finally, we reject Joshi's claim under section 715-b(a) of the New York Not-for-Profit Corporation Law. Section 715-b(a) provides that certain not-for-profit corporations must "adopt . . . a whistleblower policy to protect from retaliation persons who report suspected improper conduct." N.Y. Not-for-Profit Corp. Law § 715-b(a). But even if section 715-b(a) provides for a private right of action – a question which, as the district court noted, has divided New York courts, *see Joshi v. Trs. of Columbia Univ.*, 515 F. Supp. 3d 200, 224 (S.D.N.Y. 2021) – the undisputed evidence reflects that Columbia complied with the statute by implementing the relevant policies to protect whistleblowers and that it adhered to those policies. In particular, Columbia has shown that it conducted a thorough investigation of Joshi's allegation of research misconduct, offered to protect him against retaliation, and then investigated his claims that he was the subject of retaliation.

We have considered Joshi's remaining arguments and find them to be meritless.  As a result, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court