[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2006
THOMAS K. KAHN
CLERK

-----------------------------------------
No. 05-10753
Non-Argument Calendar
-----------------------------------------

D.C. Docket No. 04-00053-CR-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES DAVID OWENS,

Defendant-Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
-----------------------------------------------------------------
**(May 4, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

This case involves the question of whether possession of an unregistered firearm is a crime of violence for purposes of enhancing a criminal sentence under U.S.S.G. § 2K2.1(a)(4)(A).

Defendant-Appellant Charles David Owens appeals the 42 month sentence imposed upon his conviction for possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court enhanced Defendant's sentence under U.S.S.G. § 2K2.1(a)(4)(A) after determining that Defendant's prior conviction for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), constituted a "crime of violence."  Defendant appeals this sentencing enhancement.  No reversible error has been shown; we affirm.

Defendant was convicted in 1995 of possession of an unregistered rifle with a seven-inch barrel in violation of the National Firearms Act (NFA), 26 U.S.C. § 5861(d).  The facts surrounding that conviction are set out in this court's opinion affirming Defendant's 1995 conviction.  United States v. Owens, 103 F.3d 953 (11th Cir. 1997).  Briefly stated, Defendant's possession was in the context of his part-time employment at a consignment shop.  Defendant offered to sell an

undercover ATF agent an unregistered Uzi carbine with, among other things, two barrels, one of which was seven inches.[1]

In 2004, Defendant was indicted for the instant offense of possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under the sentencing guidelines, U.S.S.G. § 2K2.1(a)(4)(A) provides a base offense level of 20 for firearms possession by a convicted felon if the prior felony was for a "crime of violence;" otherwise, U.S.S.G. § 2K2.1(a)(6) provides a base offense level of 14. Concluding that Defendant's 1995 NFA conviction for possession of an unregistered firearm constituted a "crime of violence" under section 2K2.1(a)(4), the sentencing court set Defendant's base offense level at 20. Defendant objected to treatment of his NFA offense as a crime of violence.

We review de novo the district court's interpretation and application of the Sentencing Guidelines and review the underlying factual findings for clear error. United States v. Hasner, 340 F.3d 1261, 1276 (11th Cir. 2003). The commentary to section 2K2.1 defines the term "crime of violence" by reference to U.S.S.G. § 4B1.2(a). U.S.S.G. § 4B1.2(a)(2) includes within the term "crime of violence"

---

[1]The NFA includes within its definition of firearms a rifle having a barrel of less than 16 inches. 26 U.S.C. § 5845(a)(3).

3

certain named offenses and unspecified offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."[2]

No binding precedent in this Circuit has determined that possession of an unregistered firearm is a crime of violence for purposes of applying the section 2K2.1 enhancement. See United States v. Miles, 290 F.3d 1341, 1348 n. 4 (11th Cir. 2002). But as we observed in Miles, id., other courts have concluded that a section 5861 conviction qualifies as a crime of violence for sentence enhancement purposes. See United States v. Dwyer, 245 F.3d 1168, 1172 (10th Cir. 2001) (prior conviction for possession of unregistered firearm in violation of NFA is crime of violence as defined by section 4B1.2); United States v. Rivas-Palacios, 244 F.3d 396, 397-98 (5th Cir. 2001) (prior conviction for possession of an unregistered firearm is a crime of violence as defined in 18 U.S.C. § 16); United States v. Dunn, 946 F.2d 615, 621 (9th Cir. 1991) (possession of an unregistered firearm in violation of the NFA is crime of violence under 18 U.S.C. § 16); United States v. Johnson, 246 F.3d 330, 334-35 (4th Cir. 2001) (prior conviction for possession of sawed-off shotgun is crime of violence for purposes of career offender

---

[2]Since Defendant's 1995 conviction, Application Note 1 to U.S.S.G. § 4B1.2 was amended to exclude from the definition of "crime of violence" unlawful possession of a firearm by a felon unless the possession was of an unregistered firearm under the NFA. The 2004 amendment provided expressly that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" U.S.S.G. Appendix C, amendment 674.

enhancement); <u>United States v. Brazeau</u>, 237 F.3d 842, 845 (7th Cir. 2001) (prior conviction for possession of sawed-off shotgun is crime of violence under section 4B1.2); <u>United States v. Allegree</u>, 175 F.3d 648, 651 (8th Cir. 1999) (same); <u>United States v. Fortes</u>, 141 F.3d 1, 8 (1st Cir. 1998)(prior conviction for NFA offense qualified as a violent felony for purposes of career offender enhancement).

Congress determined that the unregistered possession of the particular firearms regulated under the NFA should be outlawed because of "the virtual inevitability that such possession will result in violence." <u>United States v. Jennings</u>, 195 F.3d 795, 799 (5th Cir. 1999). We agree with our sister circuits that the possession of certain kinds of weapons categorically presents the potential risk of physical injury warranting sentence enhancement for being a crime of violence.[3]

Defendant argues that even if an NFA offense is deemed a crime of violence, possession of an unregistered firearm can support no more than a rebuttable presumption of violence for purposes of applying the sentence enhancement. According to Defendant, the sentencing court should be allowed to

---

[3]We have concluded that possession of a concealed weapon constitutes a crime of violence as defined by section 4B1.2(a)(2) for purposes of applying a career offender enhancement. <u>United States v. Gilbert</u>, 138 F.3d 1371, 1372 (11th Cir. 1998). The concealment offense -- like the possession of an unregistered weapon offense -- includes no use of force element. The possession of a concealed weapon and the possession of an unregistered weapon each constitutes conduct beyond mere possession of a weapon and each poses "a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

consider evidence that a particular defendant's possession was not dangerous. Citing United States v. Spell, 44 F.3d 936 (11th Cir. 1995), Defendant alternatively argues that, even if the circumstances of the predicate conviction may not be considered generally, the sentencing court should at least look to the charging documents to determine if the description of the defendant's acts charged in the indictment sets out a crime of violence.

The elements of Defendant's prior conviction -- the possession of an unregistered weapon with knowledge of the properties that bring the weapon within section 5845's definition of firearm -- satisfy the sentencing court's enhancement inquiry. Defendant misreads Spell when he argues that Spell allows the sentencing court to look behind the fact of conviction when conducting its section 4B1.2 crime-of-violence inquiry. Spell provided that a "district court only may inquire into the conduct surrounding a conviction if ambiguities in the judgment make the crime of violence determination impossible from the fact of the judgment itself." Id. at 939. As we have said, the Spell exception to a categorical approach is narrow and limited: a district court may inquire into additional facts only if the judgment of conviction is ambiguous on its face. United States v. Gibson, 434 F.3d 1234, 1248 (11th Cir. 2006). Defendant points to no ambiguity in his judgment of conviction; Spell's limited exception has no application here.

Defendant's last argument is that the sentencing court misapprehended its authority post-<u>Booker</u>, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), to impose a sentence below the guidelines range.   A fair reading of the record shows that the sentencing court appreciated fully its authority to impose a sentence outside the guidelines; it exercised its discretion not to do so.

AFFIRMED.