[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13159
Non-Argument Calendar

_____

D. C. Docket No. 05-00004-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD SMILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 18, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Richard Smiley appeals his 37-month sentence imposed after he pled guilty

to one count of conspiring to possess a counterfeit security, commit mail fraud, commit wire fraud, and launder money, in violation of 18 U.S.C. § 371. On appeal, Smiley argues that the district court erred by finding facts that were not admitted or proven to a jury and by incorrectly calculating the number of victims involved in his offense. After review, we affirm.

## I. BACKGROUND

Smiley and a co-defendant, James Patrick Densmore, set up a business together ostensibly to sell commercial trucks. As part of their scheme, Smiley and Densmore solicited investments from people by promising a quick 200 percent return. These funds were supposed to be used to complete a deal with Xerox Corporation. However, no such deal existed. Instead, Smiley deposited the money in the company bank account and then made large cash withdrawals. The investments made to Smiley and Densmore totaled $1,214,000.

Smiley was indicted by a grand jury on the following nine counts relating to the fraud scheme: (1) conspiring to possess a counterfeit security, commit mail fraud, commit wire fraud, and launder money, in violation of 18 U.S.C. § 371 (Count One); (2) possessing a counterfeit security, in violation of 18 U.S.C. § 513(a) (Count Two); (3) committing mail fraud, in violation 18 U.S.C. § 1341 (Counts Three and Four); and (4) committing wire fraud, in violation of 18 U.S.C.

2

§ 1343 (Counts Five through Nine). Pursuant to a plea agreement, Smiley pled guilty to the conspiracy count.

The presentence investigation report ("PSI") listed investments made by the following people identified as victims in the indictment:

| | |
|---|---|
| Smiley's Father and Stepmother | $154,000 |
| John Hill | $744,000 |
| Thomas and Sarah Cooper | $100,000 |
| Fred and Emma Dunn | $116,000 |
| Robert Ballew | $100,000 |
| Total | $1,214,000 |

The PSI also listed Peter Berryman and Charlie and Shirley Morgan as "individuals [who] also experienced losses due to Smiley's and Densmore's conduct in the conspiracy." The PSI noted that Berryman's $20,000 investment was repaid by Smiley's father and that Charlie and Shirley Morgan, Smiley's in-laws, had been repaid $3,500 of their $76,000 investment by Smiley and did not wish to pursue court-ordered restitution. The PSI indicated that, due to their investments with Smiley: (1) Smiley's father and stepmother suffered additional losses of $30,000 due to tax penalities and early withdrawal fees; (2) Thomas and Sarah Cooper suffered additional losses of $25,000 in loan fees, interest and attorney's fees; (3) Dunn lost $2,000 in attorney's fees; and (4) Ballew suffered $11,000 in losses due to the fees of an attorney and private investigator. The total loss the PSI attributed to Smiley and Densmore was $1,290,000.

3

The PSI assigned Smiley a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2). The PSI recommended a 16-level increase because Smiley's offense involved more than $1,000,000 but less than $2,500,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(I). The PSI also recommended a 2-level increase, pursuant to U.S. S. G. § 2B1.1(b)(2)(A)(i), because the offense involved more than ten but less than fifty victims. Finally, the PSI recommended a 3-level reduction, pursuant to U.S.S.C. § 3E1.1(a) and (b), for acceptance of responsibility. With a total offense level of 21, and a criminal history category of I, the PSI recommended an advisory guidelines range of 37 to 46 months' imprisonment.

Prior to sentencing, Smiley objected to the PSI's application of the enhancements for the number of victims and the amount of money involved in the offense. He also raised the following objections to the way the PSI calculated the total monetary loss: (1) the omission of the fact that Fred and Emma Dunn had been repaid $15,000; (2) the inclusion of tax penalties, early withdrawal fees, loan fees, interest, private investigator fees and attorney's fees in the total monetary loss; and (3) the inclusion in the loss calculation money that was loaned to Smiley by his in-laws and money that was repaid. Smiley did not raise an objection based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). The government filed a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on

4

Smiley's substantial assistance.

At sentencing, Smiley reiterated his objections. Again, Smiley did not raise a Booker objection. The district court overruled Smiley's objections and adopted the PSI and PSI Addendum. The district court noted that even if Smiley had repaid $15,000 to the Morgans, the sentencing calculations would be the same. The district court also stated that it did not find persuasive the fact that Smiley had not benefitted from much of the money. The district court denied the government's motion for a downward departure and imposed a 37-month sentence. In addition, the district court ordered Smiley to pay $1,214,000 in restitution, jointly and severally with Densmore. Smiley filed this appeal.

## II. DISCUSSION

For the first time on appeal, Smiley cites Booker and argues that the district court violated his Sixth Amendment rights when it enhanced his sentence based on facts not alleged in his indictment nor admitted by him during his guilty plea, namely the $1,290,000 loss amount and the number of victims to his offense. Smiley specifically notes that four of the victims – Peter Berryman, Emma Dunn and Charlie and Shirley Morgan – were not identified in the indictment and that the indictment alleged a loss of only $689,000.[1]

---

[1]Because Smiley raises his Booker argument for the first time on appeal, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545

5

It is well-settled in this Circuit that, when the district court applies the guidelines in an advisory manner, nothing in <u>Booker</u> prohibits the district court from imposing guidelines enhancements based on facts found by the judge by a preponderance of the evidence. See <u>United States v. Chau</u>, 426 F.3d 1318, 1323-24 (11th Cir. 2005); <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir.), <u>cert. denied</u>, 545 U.S. 1127, 125 S. Ct. 2935 (2005). For this reason, Smiley's reliance on <u>United States v. Yagar</u>, 404 F.3d 967 (6th Cir. 2005), in which the Sixth Circuit reached a contrary conclusion, is unavailing. The district court sentenced Smiley under the advisory guidelines. Therefore, the district court's findings relating to the loss amount and the number of victims did not violate Smiley's Sixth Amendment rights.

Smiley also argues that the district court erred in finding that his offense involved ten or more victims.[2] The Sentencing Guidelines provide for a 2-level enhancement if the offense involved ten or more victims. U.S.S.G.

---

U.S. 1127, 125 S. Ct. 2935 (2005); <u>see also</u> <u>United States v. Dowling</u>, 403 F.3d 1242, 1245-46 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 462 (2005) (explaining that to preserve a <u>Booker</u> claim for appellate review, the defendant must either refer to the Sixth Amendment, <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000) or its progeny, or the right to have a jury decide a disputed fact, or raise a challenge to the role of the judge as factfinder with regard to sentencing). Plain error exists if "there is: (1) error, (2) that is plain, and (3) that affects substantial rights." <u>Id.</u> (quotation marks omitted). We will recognize such error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> (quotation marks omitted).

[2]We review a district court's application and interpretation of the guidelines <u>de novo</u>, but review the factual findings only for clear error. <u>United States v. Owens</u>, 447 F.3d 1345, 1346 (11th Cir. 2006).

6

§ 2B1.1(b)(2)(A)(i). The commentary to § 2B1.1(b)(2) defines a victim as "any person who sustained any part of the actual loss . . . ." Id. at cmt. n.1. An actual loss is further defined as "reasonably foreseeable pecuniary harm that resulted from the offense." Id. at cmt. n.3(A)(i).

Smiley contends that Peter Berryman and Charlie and Shirley Morgan are not victims because Berryman was repaid all of the money he gave to Smiley and Densmore by Smiley's father and the Morgans were repaid a portion of the money they gave Smiley and Densmore. However, this Court has ruled that victims who are reimbursed for their losses are still victims for purposes of § 2B1.1(b)(2). United States v. Lee, 427 F.3d 881, 894-95 (11th Cir. 2005), cert. denied, 126 S. Ct. 1447 (2006). We likewise reject Smiley's contention that the Morgans are not victims because they are not seeking court-ordered restitution. The fact that the Morgans elect not to seek restitution does not mean that they did not sustain an actual loss. The district court did not clearly err in finding that Smiley's offense involved ten or more victims.

For these reasons, we affirm Smiley's 37-month sentence.[3]

**AFFIRMED.**

---

[3]In his appellate brief, Smiley twice states that his restitution should be lowered. However, these statements are merely passing references unsupported by argument or citation to authority. Therefore, we do not address them. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).