[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11030
Non-Argument Calendar

_____

D. C. Docket No. 88-00488-CR-RLV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD EDWARD MILES,
a.k.a. Jim Gene Tyler,
a.k.a. Gene,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 29, 2009)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Donald Edward Miles appeals his 15-year sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e). Miles' sentence was enhanced pursuant to § 924(e), the Armed Career Criminal Act, because the district court found that Miles had three qualifying prior convictions: two burglaries and possession of an unregistered firearm. Miles makes two arguments. First, he contends that his two prior burglary convictions are not separate criminal offenses under 18 U.S.C. § 924(e)(1). Second, he contends that his prior conviction for possession of an unregistered firearm is not a violent felony under 18 U.S.C. § 924(e). Both issues are questions of law, and we review de novo the district court's judgment on them. See United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006) (citation omitted); United States v. Rainey, 362 F.3d 733, 734 (11th Cir. 2004).

The Armed Career Criminal Act provides that a felon convicted of illegal possession of a firearm under 18 U.S.C. § 922(g) who has three previous convictions for a "violent felony," a serious drug offense, or both, is subject to a mandatory minimum sentence of not less than fifteen years imprisonment. See 18 U.S.C. § 924(e). Under the ACCA, a felony involving conduct that "presents a serious potential risk of physical injury to another" qualifies as a "violent felony." See id. § 924(e)(2)(B)(ii). Each predicate offense must have occurred on

"occasions different from one another." See id. at 924(e)(1). We have interpreted that language to mean that "a defendant is subject to the sentence enhancement of the ACCA if each of the three previous convictions arose out of a separate and distinct 'criminal episode.'" See United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998) (citations omitted).

Miles contends that his burglary convictions should not be considered separate and distinct criminal episodes because both burglaries took place on the same night. That argument is knocked out by the Pope decision, which held that two burglaries were separate criminal episodes even though the burglaries occurred on the same night at two offices located only two hundred yards apart. Id. at 692. There, we noted that "[m]ere temporal proximity is ordinarily insufficient to merge multiple offenses into a single criminal episode." Id. at 690. Instead, "the 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA." Id. at 692. Here, the two burglaries occurred at two separate businesses located in two separate places. Miles completed the first burglary, then traveled to the next location and made a conscious decision to commit the second burglary. The district court reviewed Miles' burglary convictions and properly determined that the two burglaries were separate criminal

3

episodes for the purposes of the ACCA.

Miles also contends that the district court erred in considering his conviction for possession of an unregistered firearm a "violent felony" because we do not consider possession of a firearm by a felon to be a "violent felony." See United States v. Oliver, 20 F.3d 415 (11th Cir. 1994). That argument fails. Miles was convicted for possession of an unregistered sawed-off shotgun—a type of firearm specified for registration under the National Firearms Act. See 26 U.S.C. §§ 5845(a), 5861(d).[1] We have recognized "that the possession of certain kinds of weapons categorically presents the potential risk of physical injury warranting sentence enhancement for being a crime of violence." United States v. Owens, 447 F.3d 1345, 1347 (11th Cir. 2006) (quotation marks omitted). Therefore we have held that a conviction under 26 U.S.C. § 5861(d) is a "crime of violence" under § 4B1.2 of the Sentencing Guidelines. Id.; see also U.S.S.G. § 4B1.2(a)(2) cmt. n.1 ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun . . .) is a 'crime of violence.'").

"We have also held that cases interpreting 'crime of violence' under § 4B1.2 provide important guidance in determining what is a 'violent felony' under the ACCA because the definition for both terms are virtually identical." United States

---

[1] The definition of "firearm" under the NFA includes "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a).

v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007) (quotation marks omitted).

Because a conviction under 26 U.S.C. § 5861(d) is a "crime of violence" under the

Sentencing Guidelines, the district court did not err in concluding that the same

conviction also qualified as a " violent felony" for the purposes of the ACCA.

**AFFIRMED.**