RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0034p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――――

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee,*

        *v.*

MALIK SHABAZZ HAWKINS,

                *Defendant-Appellant.*

No. 08-5138

―――――――――――――

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 07-00073-001—Joseph M. Hood, District Judge.

Submitted: January 15, 2009

Decided and Filed: February 4, 2009

Before: KENNEDY, COLE, and GILMAN, Circuit Judges

―――――――――――――

**COUNSEL**

**ON BRIEF:** Patrick F. Nash, LAW OFFICES, Lexington, Kentucky, for Appellant. Charles P. Wisdom, Jr., Hydee R. Hawkins, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

―――――――――――――

**OPINION**

―――――――――――――

KENNEDY, Circuit Judge. On May 3, 2007, a grand jury issued an indictment alleging that defendant Hawkins had conspired to distribute and had distributed quantities of powder and crack cocaine. At the time of the indictment, Hawkins had two prior felony convictions, one of which was for possession of an unregistered firearm. Hawkins entered a plea agreement, pleading guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. § 846 and reserving the right to appeal the court's potential classification of him as a career offender under U.S.S.G. § 4B1.1. Prior to sentencing, he filed an objection in which he argued that his conviction for possession of an unregistered firearm was not a "crime of

violence" within U.S.S.G. § 4B1.1.  J.A. at  67.  Relying on the commentary to U.S.S.G. § 4B1.2 and rulings from our sister circuits, the district court overruled Hawkins' objection and applied the career offender enhancement, sentencing Hawkins to two hundred sixty-two (262) months of imprisonment.  Hawkins timely appealed the career offender enhancement.

## ANALYSIS

Under the United States Sentencing Guidelines, a defendant is a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  The Guidelines define "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  We review *de novo* a district court's determination that an offense constitutes a "crime of violence" under the Guidelines.  *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005) (citation omitted).

Defendant bases his objection to being sentenced as a career offender on our court's ruling in *United States v. Amos*, in which we held that the possession of a sawed-off shotgun under the Armed Career Criminals Act (ACCA) did not amount to a "violent felony."  501 F.3d 524 (6th Cir. 2007).  He argues that because both the Guidelines enhancement at issue here and ACCA provision addressed in *Amos* include the phrase "conduct that presents a serious potential risk of physical injury to another," the two provisions should be construed in an identical manner.  The similarly worded ACCA provides for an increased sentence for a defendant convicted under 18 U.S.C. §  922(g), the felon in possession statute, if the defendant has three prior convictions for  "violent felon[ies]" or "serious drug offense[s]." Under the ACCA, a "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Amos*, we held that possession of a sawed-off shotgun did not fall within this definition because "possession of a sawed-off shotgun is not one of the specifically named offenses (burglary, arson, or extortion) and does not involve the use of explosives or the threat of physical force against another person." *Amos*, 501 F.3d at 526. Additionally, following *United States v. Doe*, 960 F.2d 221, 224-25 (1st Cir. 1992), we reasoned that "possession does not fit well with the more active crimes included in the statute." *Amos*, 501 F.3d at 528.

Unlike the provision found in the ACCA, the career offender enhancement at issue here, through its Application Notes, specifically defines the term "crime of violence" to include unlawful possession of a sawed-off shotgun. U.S.S.G.§ 4B1.2, cmt n.1 (2007) ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'") We stated in *Amos* that, "if Congress had wanted the ACCA to cover offenses for possession of firearms as predicate offenses, it could easily have done so explicitly (i.e., the definition of violent felony could have included 'possession of a firearm in violation of state or federal law')." 501 F.3d at 530. In its Application Notes to U.S.S.G. § 4B1.2, the Sentencing Commission has done just that.[1]

Further, the Application Notes to the Guidelines clearly evidence the Sentencing Commission's intent to distinguish this provision from that of the ACCA. The commentary to § 4B1.4 specifically states that "the definitions of 'violent felony' and

---

[1] We note that this commentary was submitted to Congress before becoming effective. Rule 4.1 of the United States Sentencing Commission Rules of Practice and Procedure states, "[T]he Commission shall endeavor to include amendments to policy statements and commentary in any submission of guideline amendments to Congress and put them into effect on the same November 1 date as any guideline amendments issued in the same year." U.S. SENTENCING COMMISSION R. PRAC. P. 4.2.

'serious drug offense' in 18 U.S.C. § 924(c)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1." U.S.S.G. § 4B1.4, cmt n.1 (2004). As the district court correctly concluded, "the guidelines are different than the armed career criminal act that Judge Martin was concerned with in his *Amos* decision."

The district court relied on the language of the Guideline commentary to distinguish the career offender enhancement at issue here from the ACCA's similar provision. The Supreme Court has made clear that Guidelines commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Here our task is therefore not to independently interpret the language of U.S.S.G. § 4B1.1(a) defining a "crime of violence." Our review is instead limited to the question of whether the Sentencing Commissions's own interpretation of the Guideline in its official note is a "plainly erroneous reading." See Stinson, 508 U.S. 37-38.

The Commission's interpretation of a "crime of violence" cannot be "plainly erroneous" in light of the fact that the decisions of several sister circuits have read the language of the Guideline in the same way. Ruling that possession of a sawed-off shotgun constitutes a "crime of violence" within the meaning of U.S.S.G. § 4B1.2 would be consistent with the interpretation of that provision by our sister circuits. Though our circuit's decision in *Amos* involved a similarly worded provision, and that decision is binding on us, we have yet to address the specific Guideline provision at issue in the instant case. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2, cmt. n.1 (2007). Other circuits, however, have specifically addressed the Guideline provision. As both the majority and dissenting opinions in *Amos* pointed out, the Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh circuits have concluded that possession of a sawed-off shotgun constitutes a "crime of violence" under the Guidelines. *Amos*, 501 F.3d at 527, 532. In *United States v. Serna*, the Fifth Circuit held that "the unlawful possession a sawed-off shotgun under the Texas statute constitutes conduct that, by its nature, poses

a serious potential risk of physical injury to another and is therefore a crime of violence." 309 F.3d 859, 864 (5th Cir. 2002). In *United States v. Brazeau*, the Seventh Circuit reached the same conclusion, reasoning that "the fact that sawed-off shotguns must be registered confirms our conclusion that such weapons are inherently dangerous, and the possession of such a weapon constitutes a crime of violence." 237 F.3d 842, 845 (7th Cir. 2001). The Ninth Circuit reached the same result in *United States v. Hayes*, stating that "sawed-off shotguns are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force." 7 F.3d 144, 145 (9th Cir. 1993). In *United States v. Owen*, the Eleventh Circuit case relied on by the district court, the Court noted the Guidelines' expanded definition of "crime of violence" and held that a defendant's possession of a sawed-off rifle was a "crime of violence" within the career offender provision of the Guidelines. 447 F.3d 1345, 1346-47 (11th Cir. 2006). The same conclusion was reached by the Fourth Circuit in *United States v. Johnson*, 246 F.3d 330, 334-35 (4th Cir. 2001), and the Eighth Circuit in *United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999).

The Sentencing Commission's own interpretation of the Guideline provision is not "clearly erroneous" in that it is clearly consistent with the interpretation of that specific provision by other circuits. Based on the language of the Guidelines, and as directed by the commentary, the possession of a sawed-off shotgun constitutes a "crime of violence" under U.S.S.G. § 4B1.2 and thus qualifies as a predicate offense under the career offender enhancement found in U.S.S.G. § 4B1.1.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.