**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4115**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE RODERICK ROSS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:09-cr-00714-CMC-1)

Submitted:  February 4, 2011        Decided:  March 16, 2011

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy W. Murphy, THE LAW OFFICES OF WADE S. KOLB, JR., Sumter, South Carolina, for Appellant.  William N. Nettles, United States Attorney, James C. Leventis, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Roderick Ross was convicted, following a jury trial, of conspiracy to distribute cocaine and cocaine base. The district court determined that Ross had two or more prior qualifying convictions and therefore qualified as a career offender. The court sentenced Ross to 344 months' imprisonment. On appeal, he challenges his career offender designation based on the determination that two of his prior convictions qualified as crimes of violence. We affirm.

To be sentenced as a career offender, a defendant must be at least eighteen years of age at the time of the instant offense of conviction, the instant offense must be for a felony that is either a crime of violence or a controlled substance offense, and the defendant must have at least two qualifying predicate offenses for either a controlled substance offense or a crime of violence. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2009). The only issue in contention is whether Ross had the necessary predicate offenses.

Ross contends that his prior South Carolina conviction for possession of a sawed-off shotgun does not constitute a "crime of violence" and therefore does not qualify as a predicate offense for the career offender classification. We have recently addressed this very issue in the context of a North Carolina conviction for possession of a sawed-off shotgun

2

and concluded that, while possession of a sawed-off shotgun is not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), the authoritative Guidelines commentary for Career Offender provides that it is a "crime of violence" under that provision. United States v. Hood, ___ F.3d ___, 2010 WL 5383895 (4th Cir. Dec. 29, 2010); see United States v. Hawkins, 554 F.3d 615 (6th Cir.) (acknowledging Sixth Circuit precedent that possession of a sawed-off shotgun was not a "violent felony" under the ACCA, but following the Guidelines commentary to conclude that it was a "crime of violence" for purposes of the career offender guideline), cert. denied, 129 S. Ct. 2817 (2009). We therefore agree with the district court's determination that this prior conviction qualifies as a predicate crime of violence for purposes of the career offender classification.

Next, Ross argues that his prior conviction for discharging a firearm into a dwelling did not qualify as a crime of violence for the career offender classification. A "crime of violence" is defined as an offense punishable by imprisonment for more than one year and that "has an element of use, attempted use, or threatened use of physical force against the person of another, or [] is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves

conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a).

The South Carolina statute underlying Ross's conviction prohibits the "discharge [of] firearms at or into a dwelling house . . . regularly occupied by persons." S.C. Code Ann. § 16-23-440(A) (2003). By its terms, the statute "involves conduct that presents a serious potential risk of physical injury to another," and therefore meets the definition of a "crime of violence" set forth in USSG § 4B1.2(a)(2). Additionally, the commentary to the guidelines provides that a "'[c]rime of violence' includes murder, manslaughter, kidnapping, aggravated assault, . . . ." We agree with the district court that discharging a firearm into a dwelling is similar to aggravated assault, and therefore constitutes a crime of violence.

Because Ross did, in fact, have at least two prior convictions for crimes of violence or controlled substance offenses when he committed the instant drug conspiracy offense, the district court correctly determined that the career offender guideline applied. We deny Ross's motions for leave to file a supplemental appendix and a pro se supplemental brief and affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED